**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4356**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

IKEDO FIELDS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:13-cr-00111-H-1)

Submitted:  November 20, 2014      Decided:  November 24, 2014

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher F. Cowan, Columbus, Ohio, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ikedo Fields pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012), and was sentenced to 144 months in prison. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no non-frivolous issues for appeal, but asking us to review whether Fields': (1) guilty plea is valid; and (2) sentence is reasonable. The Government has declined to file a responsive brief and Fields has not filed a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

Because Fields did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524–27 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. See United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014). In the guilty plea context, a defendant satisfies this burden by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th

2

Cir. 2009). "Even when this burden is met, we have discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012) (internal quotation marks and citation omitted).

Our review of Fields' Rule 11 hearing transcript leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Fields' guilty plea and that any omissions by the district court did not affect Fields' substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that Fields entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Fields' guilty plea.

We also discern no reversible error in the district court's decision to impose a 144-month sentence. We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this

3

review requires us to ensure that the district court committed no significant procedural error. King, 673 F.3d at 283. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77. And in the sentencing context, "the third prong of the plain-error standard is satisfied if there is a non-speculative basis in the record to conclude that the district court would have imposed a lower sentence upon the

4

defendant but for the error." See McLaurin, 764 F.3d at 388 (internal quotation marks and citation omitted).

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). When a district court imposes a sentence that falls outside of the applicable Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We find no error in: (1) the district court's calculation of Fields' Guidelines range, including the career offender designation; (2) the opportunities the court provided Fields and his counsel to speak in mitigation; or (3) the district court's explanation of the sentence imposed by reference to Fields' Guidelines range and the relevant § 3553(a) factors. See United States v. Chandia, 675 F.3d 329, 341-42

5

(4th Cir. 2012) (recognizing that a sentencing court is "not required to provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection, particularly when imposing a below-Guidelines sentence") (internal quotation marks and alteration omitted).  Finally, Fields' below-Guidelines sentence is presumptively substantively reasonable, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we discern no basis in the record to overcome this presumption.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Fields, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fields requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fields.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED